UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL C.,

                            Plaintiff,

v.                                                              CASE # 20-cv-01377

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER        KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                            MARY ELLEN GILL, ESQ.
6000 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.          ALEXANDER BROCHE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

   Plaintiff was born on July 8, 1968, and has less than a high school education. (Tr. 196, 173). Generally, plaintiff's alleged disability at the time of application consisted of high blood pressure, asthma, diabetes, sciatica, and possible scoliosis. (Tr. 200). His alleged onset date of disability was January 1, 2014. (Tr. 196).

   B.      **Procedural History**

   On June 29, 2017, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 167-69). Plaintiff's application was denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On November 14, 2019, plaintiff appeared before ALJ Mary Mattimore. (Tr. 38-68). On January 23, 2020, ALJ Mattimore issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 22-33). On August 7, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.      **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

   1.   The claimant has not engaged in substantial gainful activity since June 29, 2017, the application date (20 CFR 416.971 *et seq.).*

   2.   The claimant has the following severe impairments: arthritis, asthma, obesity, chronic back pain with left sided sciatica, chronic obstructive pulmonary disease (COPD)(20 CFR 416.920(c)).

   3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

   4.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally push and pull bilaterally, can occasionally reach

overhead bilaterally, but has no other reaching limitations, can occasionally climb stairs, ramps, ropes, ladders or scaffolds, can occasionally balance, stoop, kneel, crouch and crawl, can have no concentrated exposure to fumes, odors, gases, dusts or pulmonary irritants.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on July 8, 1968 and was 49 years old, which is defined as a younger individual age 45-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 29, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 22-33).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff argues the RFC is not supported by substantial evidence because the ALJ found the medical opinion evidence all persuasive but asserts the opinions were inconsistent with each other and the ALJ did not explain how she determined the RFC limitations. (Dkt. No. 11 [Pl.'s Mem. of Law).

### B.   Defendant's Arguments

Defendant responds to plaintiff's arguments and contends the ALJ's RFC finding is supported by substantial evidence in the record and the ALJ appropriately considered the medical opinion evidence. (Dkt. No. 12 [Def.'s Mem. of Law]).

### III.    RELEVANT LEGAL STANDARD

#### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.      ANALYSIS**

Plaintiff primarily argues the RFC is not supported by substantial evidence because the ALJ improperly evaluated the medical opinion evidence. (Dkt. No. 11 at 7). Plaintiff does not assert any specific error by the ALJ in the evaluation of mental health impairments but focuses on the physical impairments and related RFC limitations.

It is the ALJ, and not a medical source, who is responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c), 404.1527(d)(2) and §§ 416.946(c), 416.927(d)(2). However, in this

case, the ALJ did have medical opinion evidence, which she appropriately considered. ALJ Mattimore identified medical opinion evidence from state agency review consultant Dr. Feldman, consultative examiner Dr. Liu, and treating physical therapist (PT) Joshi. (Tr. 32). Dr. Feldman reviewed the record and opined that plaintiff could perform light work but should avoid environmental irritants due to his asthma. (Tr. 82, 320). Dr. Liu opined that plaintiff had moderate limitations for lifting, carrying, reaching, mild to moderate limitation for prolonged walking, bending, and kneeling, and should avoid respiratory irritants due to his asthma. (Tr. 318). PT Joshi opined that plaintiff was fully capable of working five to eight hours per day, five days per week and no lifting greater than 30 pounds. (Tr. 649).

For SSI applications filed prior to March 27, 2017, SSA regulations dictated that an ALJ was to give more weight to the opinions of those physicians with the most significant clinical relationship with the plaintiff. *See* 20 C.F.R. § 416.1527; *see also, e.g.*, *Taylor v. Barnhart*, 117 F. App'x 139, 140 (2d Cir. 2004) (Summary Order). Under this "treating physician rule," an ALJ was required to "give good reasons" if he or she determined that a treating physician's opinion was not entitled to "controlling weight," or, at least, "more weight" than the opinions of non-treating and non-examining sources. *Gonzalez v. Apfel*, 113 F. Supp. 2d 580, 589 (S.D.N.Y. 2000). Further, under that same rule, a consultative physician's opinion was generally entitled to "little weight." *Giddings v. Astrue*, 333 F. App'x 649, 652 (2d Cir. 2009) (Summary Order).

On January 18, 2017, however, the SSA published comprehensive revisions to its regulations regarding the evaluation of medical evidence, applicable to benefits applications filed on or after March 27, 2017 (such as plaintiff's claim in this case). *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01 (Jan. 18, 2017) (available at 2017 WL 168819).

Thus, the new regulations state that an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.1520c(a). Instead, an ALJ is to consider all medical opinions in the record and evaluate their persuasiveness based on the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) any "other" factor that "tend[s] to support or contradict a medical opinion." *Id.* § 416.920c(a)-(c). Despite the requirement to "consider" all of these factors, the ALJ's duty to articulate a rationale for each factor varies. *Id.* § 416.1520c(a)-(b).

Here, the ALJ individually found each opinion persuasive and discussed the factors of supportability and consistency. (Tr. 32). Plaintiff agrees the RFC for light work with additional limitations is consistent with Dr. Feldman's opinion. (Tr. 11 at 8). Plaintiff asserts the RFC for light work is inconsistent with Dr. Liu's opinion of mild to moderate limitations in prolonged walking. (Dkt. No. 11 at 9). However, case law has repeatedly held that moderate limitations in standing and walking do not preclude the performance of light work. *See Carroll v. Colvin*, 2014 WL 2945797, *4 (W.D.N.Y. 2014) ("several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing"); *Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. 2015) (RFC for light work consistent with Plaintiff's moderate limitations in walking, standing, or sitting); *Amons v. Astrue*, 617 F.Supp.2d 173, 176 (W.D.N.Y. 2009) (examining physician's opinion that plaintiff had moderate limitations in walking, standing, squatting, climbing and reaching supported ALJ's determination that plaintiff could perform a full range of light work with some fingering, reaching and environmental limitations); *Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) ("the ALJ's determination that

[the claimant] could perform 'light work' is supported by [a doctor's] assessment of mild to moderate limitation for sitting, standing, walking, bending, and lifting weight on a continued basis, especially using the left hand."). Therefore, there was no inconsistency between the opinions of Dr. Feldman and Dr. Liu. They were appropriately found persuasive and constituted substantial evidence to support the ALJ's RFC.

Plaintiff asserts the opinion of PT Joshi is also inconsistent with light work because it limits plaintiff to "somewhere between 25 and 40 hours per week, not a full 40 hours per week." (Tr. 11 at 10). This is a mischaracterization of the opinion. PT Joshi's October 2019[1] treatment note reports "gait steady, balance good in standing and walking, no assistive device used, he is fully capable of working 5-8 hours per day 5 days per week, no lifting greater than 30 pounds." (Tr. 649). The opinion declares that plaintiff showed improvement of 100% and was discharged after not coming in or calling for any further appointments. (*Id*.). As an initial matter, plaintiff advances an argument and cites case law that is not applicable to this claim. Plaintiff argues the opinions of physicians that examine a plaintiff should be afforded greater weight than opinions from non-examining physicians. (Dkt. No. 11 at 8-9). As discussed above, 20 C.F.R. § 404.1527(d)(1), which was cited by plaintiff, is not applicable to this claim because this application was filed after March 27, 2017. The new regulations remove the perceived hierarchy of medical sources upon which plaintiff's argument relies. *See* 82 Fed. Reg. 5844. However, even under the old regulations, an opinion from a physical therapist would not constitute an acceptable medical source and therefore the opinion would not be due any special deference.

The ALJ accordingly considered the physical therapist's medical opinion as required under the new regulations. 20 C.F.R. §416.913(a)(2). The ALJ explained she found the opinion

---

[1] The discharge evaluation is dated October 2019 however plaintiff was last treated in October 2018. (Tr. 649).

persuasive because it was detailed concerning functional parameters, based on assessments over nine treatments sessions, and consistent with treatment records. (Tr.  32). Plaintiff argues the ALJ ignored that the opinion was for a range of five to eight hours a day. However, an RFC is the *most* an individual can do despite his or her limitations. 20 C.F.R. § 416.945 (emphasis added). The RFC is the ability to do sustained work-related physical and mental activities in a work setting on a regular continuing basis, which means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8P, 1996 WL 374184, at *2 (July 2, 1996). PT Joshi's opinion includes the ability to work 8 hours a day, for five days a week. (Tr. 649). This is also consistent with her records indicating plaintiff had a steady gait, no observations of stiffness, tightness, pain, spasms, or tenderness, and nearly full strength and range of motion. (Tr. 649). PT Joshi also repeatedly observed plaintiff improved with treatment after each session and experienced a reduction in pain severity. (Tr. 639-49). In sum, the ALJ properly found the opinion persuasive and it is also consistent with the other opinion evidence supporting an RFC for light work.

Furthermore, the ALJ appropriately considered the record as a whole when considering the opinion evidence and formulating the RFC. For example, the ALJ cited to plaintiff's treatment notes, which found plaintiff's stance and gait were normal, his range of motion was limited only with respect to his lumbar flexion (bending forward), his straight leg raise test and Patrick Fabere tests were negative (assessing lower spine and hip mobility), and he demonstrated full sensation, full strength, and normal muscle bulk/tone. (Tr, 32, *citing* Tr. 458-459). He was prescribed stretching exercises to treat his back pain, but subsequently admitted to not performing them and suffering worsening symptoms. (Tr. 463, 449). Similarly, in a September 2019 physical examination report, plaintiff's gait and deep tendon reflexes were normal, and he evinced no

abnormalities in any of his extremities. (Tr. 655). Plaintiff was advised to exercise aerobically, at least three times per week, for 30 minutes. (Tr. 657).

Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished). The Second Circuit has made clear that it is the plaintiff who bears the burden of proving that his RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record. *See Poupore*, 566 F.3d at 306. Plaintiff has not introduced any evidence showing that he was not able to perform work commensurate with the ALJ's RFC finding, or that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record.


**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

      **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is

      **<u>GRANTED</u>**.


Dated: April 29, 2022                                   *J. Gregory Wehrman*
Rochester, New York                                   HON. J. Gregory Wehrman
                                          United States Magistrate Judge